The advisory guideline range in this case was 120 to 150 months. The defendant proposed a sentence of 60 months based on a combination of 3553A factors, including the disproportionately harsh guidelines for offenses involving crack cocaine, and the inappropriateness of the guideline range for this particular case. The Court imposed a 120-month sentence at the low end of the advisory guideline range. Mr. Johnson submits that the district court erred in three separate respects. First, as a matter of law, in explaining that only Congress had the power to remedy the overstatement of the guideline range in this particular case. Second, as a matter of policy, in suggesting that it could impose a harsher sentence in this case to protect defendants in future cases. And third, as a matter of fact, when it stated that statistics showed that the punishments for crack cocaine, powder cocaine, methamphetamine and heroin cases were all similar. So, Your Honors, regardless of how, and I understand there's going to be an en banc decision in Cardi and Zavala, regardless of how that decision is eventually made, it should constitute error for the district court to impose sentence in the manner that it was imposed in this case. First on the issue of legal error. Pardon me. The claim that what you call disproportionate sentencing for rock cocaine as opposed to powder cocaine is not a new one. No, Your Honor. Has that been dealt with by this circuit before? It has not post-Booker, Your Honor. Pre-Booker it was. I didn't ask you that. Whether the sentencing guidelines are advisory or mandatory was decided in Booker. But the question I have for you is whether the now advisory guidelines or the guidelines different for crack cocaine as to powder cocaine as being subject to a claim that the distinction is racist and against black people. Has that ever been dealt with by this court? That has been dealt with by this court. And we've had some holdings on it. Are you asking us to overrule Berger and Jackson and Dumas? No, Your Honor. Of course not. We can't do that. Of course not. So how does the change between guidelines becoming advisory as opposed to mandatory affect the claim that the distinction between crack and powder cocaine is racist? Your Honor, I don't believe that the specific argument in this case was that the distinction was racist. This Court has in the past found that there is a rational basis for that distinction and that that's all that matters. The claim is that the advisory guideline for crack is disproportionately harsh, meaning that this Court in Berger's --- Has that been dealt with by our review of the sentence under Booker's second portion that we should determine whether the sentence is, quote, reasonable, keeping in mind the advisory sentencing guidelines and all the factors under section 3553A? Yes. And that's precisely what Mr. Johnson is asking this Court to do here, to do a reasonableness review. And in the--- After that, shouldn't we wait for Zavala and Cardi? Because as a member of that en banc court, we know that that decision is being prepared? Yes, Your Honor. If this Court were to submit, to defer submission of this case to that, we would ask for an opportunity to brief what Zavala and Cardi, the impact of whatever decision or decisions come out of that case on this case. Obviously, that case isn't going to address the propriety of a district court making any comments regarding crack cocaine, for instance. So that will not be resolved in that case. A number of other issues will not be resolved in Cardi and Zavala. We would not object deferring submission of this case to the, you know, the decisions coming out in that case. But as I said, we would ask for an opportunity to brief the relevance of that case to this case. That is really Mr. Johnson's argument, is that his sentence is not reasonable. It isn't that somehow a district court can unilaterally and judicially replace the 101 ratio that's in the guidelines with some other ratio that the district court finds appropriate. That's not the argument that Mr. Johnson is making. The argument that--- His primary argument is that this 120-month sentence for crack cocaine is unreasonable. That is his--- And if he gets it, then everybody else gets it, right? Because he's not different from anybody else. Well, I think he is different from other people. His trial lawyer made several arguments that this is an unsophisticated street-level dealer. In fact, in this particular case, the government agreed not to charge him or not to require him to plead guilty to any specific amount, because the government twice acknowledged that the amounts involved in this case were relatively small, that this was not a kingpin. So if you look at the legislative history with regard to the mandatory minimum sentences, it's clear that Congress intended that the mandatory minimums apply to kingpins, for instance. Well, it doesn't say that in the statute, does it? It doesn't say that in the--- It's the kingpin statute that applies to everybody. No, but it clearly attempted to differentiate between very high-level dealers, mid-level dealers, and street-level dealers. The sentencing guidelines incorporated Root and Brandt to that 101-to-1 ratio. In this particular case, the government chose not to require Mr. Johnson to admit a specific quantity. And they did that, and they twice said it, both in their papers and at the sentencing hearing. It was because he was a relatively small player. So we're not saying that in every single case a sentencing guideline sentence in a crack case would be per se unreasonable. What we're saying is that a district court is required to exercise its discretion. It's required to look at all the 3553A factors. And in this particular case, the district court judge made three highly problematic statements when it was imposing the 120-month sentence. And those are the three statements that I referred to earlier. One, this is out of my hands. Go to Congress. Ask Mr. Sensenbrenner to do it for you. Two, you know, if I give you a lower sentence, this isn't going to hurt us. This is going to hurt future defendants. It can't be appropriate for a district court to sentence one defendant more harshly in order to protect defendants in the future. Breyer. Well, he said that if I sentence you leniently, it will cause other minimum sentences to be enacted. And that that would hurt defendants. And so in this case, the defense lawyer was asking for a 60-month sentence, a below-guideline sentence. And the district court all but explicitly said, if I gave you a 60-month sentence, that would cause more mandatory minimums to be enacted by Congress, and that would hurt defendants in the future. Of course, the court could have gone upward a little bit more than it did because your client had a whole host of prior convictions, right? The court could have. Criminal history fine. The court could have, but it did not, and the government did not seek for it to. That's true. The third way that we would argue that the district court erred is that it accepted these kind of bizarre statistics that the government proffered, and the government proffered these statistics relating, saying that basically crack cocaine cases should be viewed as analogous to crystal meth cases. And obviously the reason why the government proposed that comparison is because those two are analogs under the guideline. But the statistics that the government presented were related to methamphetamine, not crystal methamphetamine. So the natural conclusion that one would draw from the statistics that the government presented is that a 1-to-10 ratio would be appropriate, because the crack cocaine and methamphetamine guidelines are at a 1-to-10 ratio. I see that I'm ‑‑I have less than two minutes left, so unless the Court wants further questions. May it please the Court. Shannon Ryan for the United States. The government asked this Court to affirm defendant's sentence because in the lower court, defendant raised only a categorical, not an individualized argument with respect to the cocaine-based guidelines. The district court properly declined to consider that argument in selecting defendant's sentence, and under all of the facts of the case, defendant's sentence was eminently reasonable. With respect to the first issue, Your Honors. Tell me what you mean by raised only a categorical rather than an individualized. I'm having trouble this morning with abstractions. Yes, Your Honor. In this case, all of defendant's arguments as they related to the issue of the cocaine-based guidelines were generalized arguments that would apply in every cocaine-based case. Defendant argued that the cocaine-based guidelines were dramatically higher than the powder cocaine guidelines and computed his sentence in several instances, both in his papers and at the hearing, under the powder cocaine guidelines, which were not involved in this case. Defendant alleged that there is racial disparity in the discrepancy between the cocaine-based guidelines and the powder cocaine guidelines. The only reference in the record to an individualized argument, something that related to this defendant, Mr. Johnson, the only reference is at the sentencing hearing, one portion at the beginning of counsel's arguments, he states to the court, the guidelines overstate this man's maliciousness. And then he goes right back into the categorical arguments. The cocaine-based guidelines are so dramatically higher than the powder cocaine guidelines. They have a disparate effect on African Americans. All of the evidence that was introduced in the lower court, all of the exhibits regarding the United States Sentencing Commission's findings, their recommendations to Congress, all of those deal generally with the differences between the cocaine-based guidelines and the crack cocaine guidelines. Excuse me, the powder cocaine guidelines. So when the government says defendant raised only a categorical argument, not an individualized argument, the government is saying that the defendant adduced no facts that differentiated his case and his claim from any other cocaine-based case that were to come before any court. I gather what the argument is today, the individualized argument, is that the defendant was just a small potato, was not a kingpin. Was that raised before the district court? That was not raised by the defendant before the district court in support of this claim. That fact, what was defendant's relative culpability with respect to this offense and other drug offenders more generally, that fact was raised by the government and it was specifically addressed by the district court. With respect to how it was raised by the government, respectfully, though defense counsel argues this, it was not raised in the context of the government's decision not to seek a mandatory minimum sentence in this case. The government raised the issue of defendant being a street-level dealer in its sentencing papers and at the sentencing hearing, saying though the amount seized in this particular case did not make defendant among the most serious or the most culpable of drug offenders, just based on quantity, that defendant's recidivism, the fact that he had three prior felony drug trafficking convictions, among other convictions, that one of those drug trafficking convictions involved the use of a firearm, and that one was specifically for possession of cocaine base, that all of those facts, combined with other personal characteristics of the defendant, that those facts under 3553A supported a 120-month sentence. So the government raised that fact to consider it among other aggravating factors in support of the sentence it recommended. And the district court at sentencing, immediately before it imposed sentence, said that it has, one, considered the guidelines, and that it has, two, considered all of the factors under 3553A. And then the court went on to explain part of its rationale for selecting the sentence. It did not refer to the guidelines. There's nothing in the record to suggest that it felt overly bound to those. Rather, the district court, and this is an excerpt of Record 99, the district court said that it believed, based on the evidence before it, that defendant was involved in distributing much greater quantities than merely the amount seized in this case. And the amount seized, what was it, 49 grams? Yes, Your Honor. And what does it take to get to the mandatory minimum, 50? Yes, Your Honor. Okay. So just barely below that. Yes, Your Honor. And that comment by the district court is important for several reasons. First of all, it reflects that the district court was very much aware of the factual record. Those facts were not argued specifically by the government at sentencing. They were in the PSR at paragraphs 9 and 10, and they reflect information from the wiretaps in this case that defendant was involved in conversations regarding obtaining trucks with hidden compartments to transport kilogram quantities of drugs. So the district court was fully aware of the facts, number one. Number two, with respect to this argument about defendant being only a street-level dealer, the district court disagreed, based on the facts before it, with that specific argument. And ultimately, the district court's comment shows that it did consider all of the 3553a factors, that it sentenced this defendant as an individual, which Booker and 3553a require it to do. So in this case, the district court, based on this record, completely fulfilled its obligations. With respect to defendant's claimed errors, just briefly with regard to the three of them, and this is from a defendant draws on these errors from a very limited passage at the sentencing hearing where the district court made some remarks. First, defendant claims that the district court said only Congress has the power to remedy the disparity, meaning the disparity between the cocaine-based and powder cocaine guidelines. And that, the government submits, is inaccurate for several reasons. First, in this particular case, the government in its papers said that the district court has the discretion to consider the disparity. So the government said, go ahead, consider the categorical disparity if you wish, court, and the court declined to do so, saying the problem is that's a question for Congress to decide. Now, this Court has not specifically addressed the issue post-Booker, but one case out of the Seventh Circuit, two have addressed that issue, and that's Gibson, G-I-P-S-O-N, cited in the party's papers. One, that court has addressed a similar issue, and that is when the district court declines to consider this argument in imposing a lower sentence, is that declination error? In that case, the district court likewise said this is more of a legislative policy type of decision. And the Seventh Circuit said, no, the district court is not mandated to impose a lower sentence if there are any discrepancies between those guidelines. So the district court in this case, that portion of its comments really was not abdicating its authority to Congress in any way. Second, with regard to the statement about imposing a lower sentence would harm other defendants, that comes up in the context of the district court's remarks about a particular congressman, Mr. Sensenbrenner. And at this point, the district court is opining as to what it believes will be the result when these arguments are taken to Congress. It does not directly relate to the sentence imposed in this case or what the district court's view of its power is. And finally, with respect to the statistics and arguments presented by the government in that regard, I see I'm out of time. May I just conclude this point, Your Honor? Thank you. Which the defense deems bizarre statistics. At sentencing, the government merely pointed out that drawing the narrow comparison between the cocaine-based guidelines and the powder cocaine guidelines may miss the point. That, in fact, the cocaine-based guidelines are no more harsh. They are entirely identical to the guidelines for ice or crystal methamphetamine. And that many of the statistics regarding methamphetamine offenses in general, such as the use of firearms and things of that nature, that those are more closely analogous to the cocaine-based So the government was simply drawing on a variety of facts to show that the defense position regarding this narrow comparison was perhaps not well-founded. Can I ask you a question? Sure. Both of you seem to agree that the judgment contains a clerical error. It does, Your Honor. It refers to H41B1A. Yes. Do you agree with that? It does contain a clerical error. That's correct. In other words, there was no quantity determination by the judge, was there? There was not. All right. It appears – well, there was a quantity determination at sentencing, but it doesn't – it has to do – it does – there was no quantity determination with respect to subsection B1A, which was charged in count two, but which was – the government did not seek to prove up. So either that should be stricken or it should be changed to B1C, one or the other, right? Yes. And the government submits that. The defense may do that, Your Honor, through Rule 36 of the Federal Rules of Criminal Procedure. The defense should do it to make a Rule 36 motion in the district court? Correct. To amend a clerical error. Yes. Thank you. Is there still time to do that? Yes. That is without time limitation, Your Honor, as to the clerical error. Yes. Thank you. Thank you. Thank you very much. Just very briefly, Your Honors, to correct the record as to whether the argument regarding a street-level dealer versus kingpin was made in the district court. It was made in the district court at ER 31, in which the defense proffered that Mr. Johnson's record demonstrated that he was a small-time, unsophisticated cocaine user who dealt in small quantities to support his habit. At ER 34, where the defense lawyer made a similar statement. And then at ER 94, which is the portion that the government cited. Second of all, with regard to the defense lawyer's submission of commission findings, the government points to those submissions to say that the defense lawyer was making only a categorical argument. Actually, the defense lawyer submitted those findings because the government routinely, and in this case as well, has argued that the commission is the expert. The commission is the expert as to the 3553A factors, so we should just impose guideline sentences because the commission is the expert and the guidelines take into account all of the 3553A factors. That argument was made in this case in the papers. The defendant, to preempt that type of argument, noted that the commission itself thought that these guidelines were overly harsh. And finally, to combat the idea that Mr. Johnson was asking for a categorical departure to the powder cocaine guidelines, he noted in his papers that the guideline range for powder cocaine would have been 27 to 33 months. He did not ask for a 27-month sentence. He did not ask for a 33-month sentence. He asked for a 60-month sentence, taking into account all of the 3553A factors. Kennedy. Thank you very much. The Court is going to take a 10-minute recess at this time. We'll reconvene in 10 minutes.
judges: Siler , Tashima, Bea